RANDOLPH, Circuit Judge,
dissenting:
The deed states that Fowler’s Road “shall continue always to be not less tha[n] twelve feet in width.” The right to expand the road, far from being unbounded, was subject to the rail company’s erecting a bridge across the right of way. The spacing of the bridge abutments - something within the company’s control - thus set the outer limit on the width of the right of way. Furthermore, Fowler’s Road had to remain a “highway.”
Subject to these limitations, the deed gave Georgetown the absolute right to expand the road. There was no need for additional language prohibiting WMATA from counteracting such expansion. All of this makes perfect sense when one remembers the purpose of the original transaction. The railroad wanted land over which it could run a train line. As long as the Fowlers did not interfere with that enterprise, there was no reason for the railroad to care whether they widened the right of way to two lanes or three.
Nonetheless the court holds that a right of way of “not less tha[n] twelve feet” means a right of way of “not more than twelve feet.”
I therefore respectfully dissent.